1
2
3
4
5
6
7
8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DONALD RODRIGUEZ,                          No. C-08-5390 MMC

12            Plaintiff,                        **ORDER DISMISSING COMPLAINT WITH
                                                LEAVE TO AMEND; CONTINUING CASE**
13   v.                                         **MANAGEMENT CONFERENCE**

14   STATE OF CALIFORNIA, et al.,

15            Defendants
                                             /
16

17        By order filed May 15, 2009, the Court ordered plaintiff Donald Rodriguez to show

18   cause why the complaint filed in the above-titled action should not be dismissed for failure

19   to state a claim.  Before the Court is plaintiff's response to the order to show cause, as well

20   as the reply thereto filed by the two named defendants, specifically, the State of California

21   and the California Department of Corrections and Rehabilitation.  Having read and

22   considered the parties' respective submissions, the Court rules as follows.

23        The sole claim alleged in the complaint is a violation of 42 U.S.C. § 1983.  Neither a

24   state nor a state agency is "subject to suit under § 1983 in either federal court or state

25   court."  See Howlett v. Rose, 496 U.S. 356, 365 (1990); see also Will v. Michigan, 491 U.S.

26   58, 70-71 (1988) (holding that although § 1983 suits can be brought against "local

27   government units," such suits cannot be brought against states or state agencies; affirming

28   dismissal of § 1983 suit brought against state agency).  Here, as noted, the only

1  defendants are the State of California and a state agency.

2  Consequently, plaintiff's complaint is subject to dismissal for failure to state a claim.[1]

3  In his response, plaintiff requests leave to amend for purposes of naming individuals

4  as defendants.  (See Pl.'s Response, filed June 5, 2009, at 5:5-7.)

5  A court "should freely give leave when justice so requires."  See Fed. R. Civ. P.

6  15(a)(2).  Here, there is no indication that if plaintiff were to name as defendants hereto the

7  individuals he asserts are responsible for the deprivations alleged in the complaint, such

8  amendment would be futile.

9  Accordingly, the Court will afford plaintiff leave to file a First Amended Complaint.

10  **CONCLUSION**

11  For the reasons stated above,

12  1.  Plaintiff's complaint is hereby DISMISSED for failure to state a claim, and with

13  leave to amend to name individual defendants.

14  2.  Any First Amended Complaint shall be filed no later than June 26, 2009.

15  3.  The Case Management Conference is hereby CONTINUED from July 17, 2009 to

16  August 28, 2009; a Joint Case Management Statement shall be filed no later than August

17  21, 2009.

18  **IT IS SO ORDERED.**

19

20  Dated:  June 10, 2009

21  MAXINE M. CHESNEY
United States District Judge

22

23

24

25

26

27  [1]In his response to the order to show cause, plaintiff argues that defendants have waived any immunity from suit they would otherwise have under the Eleventh Amendment.

28  In light of the Court's dismissal of the complaint for failure to state a claim, the Court finds it unnecessary to determine if defendants have waived their Eleventh Amendment immunity.